## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| LIVE FACE ON WEB, LLC | : | |
| Plaintiff | : | Civil Action |
| v. | : | No.: 2:11-cv-06737-NS |
| NATIONAL ASSOCIATION FOR THE SELF-EMPLOYED, INC. | : | |
| Defendant | : | |

## CERTIFICATE OF GOOD FAITH EFFORT TO RESOLVE DISCOVERY DISPUTE PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 37 AND LOCAL RULE 39.1(f)

I, MICHAEL V. TINARI, ESQUIRE, hereby certify that I have taken the following steps to resolve the instant discovery dispute between the parties that is the subject of this Motion to Compel, however, after such reasonable efforts, said dispute remains unresolved.

After being advised and assured by Vlad Tinovsky, Esquire, counsel for Plaintiff, Live Face on Web, LLC ("LFOW"), that LFOW's discovery responses would be provided on October 10, 2012, as was required pursuant to the Federal Rules of Civil Procedure, LFOW failed to provide any response to the discovery requests whatsoever. Thereafter, on the morning of October 11, 2012, my associate, Paul H. Schultz, Esquire, emailed Mr. Tinovsky and his co-counsel, Mr. Tuchinsky, advising that discovery was overdue, requesting the status of same and that the discovery be provided, advising that if no responses were received by 4:00 p.m. on October 12, 2012 that a motion to compel would be filed, and requesting that Mr. Tinovsky or Mr. Tuchinsky contact him to discuss this matter. On Friday, October 12, 2012, after close of business at 5:46 p.m., Mr. Tinovsky emailed LFOW's discovery responses to my attention. A review of the responses indicate that they merely contain numerous boilerplate objections, without explanation or justification, improper objections and provide almost no responsive information.

CERTIFIED TO THE COURT BY:

_____ /s/ Michael V. Tinari _____
Michael V. Tinari, Esquire

Date: October 15, 2012

## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| LIVE FACE ON WEB, LLC | : | |
| Plaintiff | : | Civil Action |
| v. | : | No.: 2:11-cv-06737-NS |
| NATIONAL ASSOCIATION FOR THE SELF-EMPLOYED, INC. | : | |
| Defendant | : | |

## MOTION TO COMPEL ANSWERS TO INTERROGATORIES AND REQUESTS FOR PRODUCTION OF DOCUMENTS OF DEFENDANT, NATIONAL ASSOCIATION FOR THE SELF-EMPLOYED, INC., DIRECTED TO PLAINTIFF, LIVE FACE ON WEB, LLC., PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 34 AND LOCAL RULE 26.1(g)

Defendant, National Association for the Self-Employed ("NASE"), by and through its undersigned counsel, hereby moves before this Honorable Court for an Order, pursuant to Federal Rule of Civil Procedure 34 and Local Rule 26.1(g), compelling Plaintiff, Live Face On Web, LLC ("LFOW"), to provide answers to NASE's Interrogatories and Requests for Production of Documents, and in support thereof states and avers as follows:

1.      On October 27, 2011, LFOW filed its Complaint against NASE, alleging causes of action for Copyright Infringement (Counts I and II), alleged violation of the Lanham Act, 15 U.S.C. Section 1125(A) (Counts III and IV), Breach of Contract (Counts V and VI), and Unjust Enrichment (Count VII).

2.      On January 18, 2012, the parties executed a Stipulation, which was approved by the Court on January 19, 2012, allowing LFOW an extension of time until February 16, 2012 to

file an amended complaint to join American Web Design ("AWD") as an additional defendant, which LFOW thereafter declined to do.

3. NASE thereafter timely filed a Motion to Dismiss the Complaint, which was denied without prejudice, and subsequently filed an Answer with Affirmative Defenses to the Complaint.

4. On September 10, 2012, NASE served LFOW, through its counsel, via both email and first class mail, Interrogatories and Requests for Production of Documents. See both email and letter of September 10, 2012 from Paul H. Schultz, Esquire to Dmitry Tuchinsky, Esquire, along with enclosed discovery requests, true and correct copies of which are attached hereto as Exhibit "A".

5. On October 4, 2012, Mr. Tinovsky emailed the undersigned and Mr. Schultz and advised that LFOW's responses to discovery would be timely provided in accordance with the Federal Rules of Civil Procedure. See October 4, 2012 email of Vlad Tinovsky, Esquire, a true and correct copy of which is attached hereto as Exhibit "B".

6. Having not received the discovery responses as promised, Mr. Schultz emailed both Mr. Tinovsky and Mr. Tuchinsky on October 11, 2012, advising that the discovery responses were overdue, requesting that they be provided, advising that a motion to compel would be filed if the responses were not received by 4:00 p.m. on October 12, 2012, and requesting that either Mr. Tinovsky or Mr. Tuchinsky call Mr. Schultz if they wanted to discuss this matter. See October 11, 2012 email of Paul H. Schultz, Esquire to Vlad Tinovsky, Esquire and Dmitry Tuchinsky, Esquire, a true and correct copy of which is attached as Exhibit "C".

7. On Friday, October 12, 2012, LFOW's discovery responses were finally emailed to the undersigned, after close of business, at 5:46 p.m. See October 12, 2012 email from Vlad

Tinovsky, Esquire to the undersigned, a true and correct copy of which is attached as Exhibit "D".

8.     A review of the Responses to Requests for Production and Interrogatories demonstrates that LFOW has entirely failed to provide good faith answers to NASE's discovery requests.   True and correct copies of LFOW's Responses and Objections to NASE's Interrogatories and Requests for Production are attached hereto as Exhibit "E".

9.     Specifically, LFOW's Responses and Objections begin with numerous boilerplate objections asserted under the headings "Preliminary Statement" and "General Objections", after which LFOW goes on to object to nearly every discovery request, without explanation, nearly always asserting, inter alia, that the information requested is "overly broad, unduly vague and burdensome and not reasonably calculated to lead to the discovery of admissible evidence." See Exhibit "E".

10.     Furthermore, numerous responses do not provide any meaningful information or response and merely make vague reference any and all documents, information, testimony or pleadings exchanged in the litigation, or that the information and documents have already been produced in this action or are publicly available. See Exhibit "E", Responses and Objections to Interrogatories (ex. #1, 5, 6, 7, etc.) and Requests for Production (ex. #19, 20, 21, 22, 23, 24, 25, etc.).

11.     As another example, LFOW objects to the production of any reports and curriculum vitae of its experts as being "… privileged, confidential, proprietary and/or trade secret information", and objection that is entirely without basis. See Exhibit "E", Responses and Objections to Requests for Production  #6, 7.

12.     Additionally, LFOW refuses to provide any information regarding any past or current affiliations or contracts with AWD, the website developer which dealt with LFOW and installed the LFOW software packages on the NASE website, objecting that this information is not reasonably calculated to lead to the discovery of admissible material and providing a non-responsive answer dealing with the software at issue in this litigation when the question clearly seeks to determine whether there is any other contractual or working relationship between LFOW and AWD.  See Exhibit "E", Responses and Objections to Interrogatories # 23.

13.     While there are numerous other deficiencies present in LFOW's discovery responses, given their production so shortly before the discovery deadline of October 15, 2012, NASE is forced to file the instant Motion without a full explication of each and every deficiency in these discovery responses in order to seek timely intervention from the Court.

14.     Per Federal Rules of Civil Procedure 33 and 34, a party to whom interrogatories and requests for production of documents are directed must provide its responses to same within thirty (30) days of service thereof.

15.     Here, LFOW failed and refused to provide its responses in a timely manner in accordance with the Rules of Civil Procedure without any reason or justification and then, once produced, provided boilerplate objections and non-responsive answers, which clearly have not been asserted in good faith.

16.     NASE's good faith efforts to obtain discovery responses from LFOW prior to filing this Motion are set forth herein and in the attached Certification.  See Certification of Good Faith Effort to Resolve Discovery Dispute.

17.     The discovery deadline in this matter is today, October 15, 2012, and NASE will be severely prejudiced in the defense and investigation of this case, its preparation and at time of trial in this matter, without responsive and meaningful answers to the requested discovery.

WHEREFORE, NASE respectfully requests that this Honorable Court grant the instant Motion to Compel, requiring LFOW to produce full, complete and responsive answers, without objection, to NASE's Interrogatories and Requests for Production of Documents, and grant appropriate sanctions, as more fully set forth in the attached proposed Order.

Respectfully submitted,

LEONARD, SCIOLLA, HUTCHISON,
LEONARD & TINARI, LLP

By:     ____/s/ Michael V. Tinari____
Hugh J. Hutchison, Esquire
Michael V. Tinari, Esquire
Attorney I.D. Nos.:  02381 and 51853
Two Penn Center, Suite 1910
1500 John F. Kennedy, Blvd.
Philadelphia, PA 19102
P: (215) 567-1530
*Attorneys for Defendant,*
*National Association for the Self-Employed, Inc.*

Date: Ocotber 15, 2012

## <u>CERTIFICATE OF SERVICE</u>

I, MICHAEL V. TINARI, ESQUIRE, hereby certify that I served a true and correct copy of the foregoing Motion to Compel of Defendant, National Association for the Self-Employed, Inc., along with Exhibits, Certification, Proposed Order and a copy of this Certificate of Service, upon the following this day via ECF filing:

Vlad Tinovsky, Esquire
Tinovsky Law Firm
Five Neshaminy Interplex, Suite 205
Route 1 & Old Lincoln Highway
Trevose, PA 19053
*Attorney for Plaintiff*

Dmitry Tuchinsky, Esquire
1420 Walnut Street, Suite 1216
Philadelphia, PA 19102
*Attorney for Plaintiff*

Date: <u>October 15, 2012</u>               <u>     /s/ Michael V. Tinari     </u>
                                       MICHAEL V. TINARI, ESQUIRE