IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| LIVE FACE ON WEB, LLC, | : | CIVIL ACTION |
| Plaintiff, | : | |
| vs. | : | NO. 2:11-cv-06737-NS |
| NATIONAL ASSOCIATION FOR THE SELF-EMPLOYED, INC., | : | |
| Defendant. | : | |

**PLAINTIFF'S MOTION TO COMPEL MORE
SPECIFIC DISCOVERY RESPONSES AND FOR SANCTIONS**

Plaintiff, Live Face On Web, LLC ("Plaintiff" or "LFOW"), pursuant to Federal Rule of Civil Procedure 37 and Local Rule of Civil Procedure 26.1, respectfully requests the Court to compel more specific responses to Plaintiff's First Set of Interrogatories and Requests for the Production of Documents directed to Defendant, National Association of the Self-Employed, Inc. ("Defendant" or "NASE"), and in support thereof, avers as follows.

**I.    BACKGROUND**

1.  Plaintiff is a leading developer of "live person" software and video technology for website, and is the owner of two (2) proprietary video streaming software packages that were licensed to Defendant ("LFOW Software Packages").

2.  The LFOW Software Packages contain registered copyright and registered trademark material and notices, and cannot be altered, disassembled or otherwise manipulated without Plaintiff's authorization.

3.  Defendant, directly and/or through its agent American Web Design, proceeded to alter, disassemble, manipulate and display the altered LFOW Software

1

Packages for a period of approximately 16 months on its website in violation of Plaintiff's End User License Agreement, copyright and trademark rights and applicable law.

4. During the course of discovery in this action, Plaintiff learned that Defendant used the altered LFOW Software Packages to originate, recruit and instruct salespersons (collectively, the "NASE Salespersons") to market and sell membership and/or other products and services for or on behalf of NASE and its affiliates.

5. On or about October 27, 2011, Plaintiff commenced this action against Defendant asserting causes of action for Copyright Infringement (Counts I and II), violation of the Lanham Act, 15 U.S.C. Section 1125(A) (Counts III and IV), Breach of Contract (Counts V and VI), and Unjust Enrichment (Count VII) in connection with the aforementioned unlawful conduct of Defendant, which, if successful, would entitle Plaintiff to, *inter alia*, disgorge profits of the Defendant arising from its unlawful conduct.

6. Discovery ends in this action on the date hereof, i.e. October 15, 2012, and no prior extensions to the discovery or other case management deadlines have been requested or granted.

## II. DISCOVERY DISPUTE

7. On or about August 21, 2012, Plaintiff propounded its First Set of Interrogatories and Requests for Production of Documents upon the Defendant ("Discovery Requests"). True and correct copies of such discovery requests are attached hereto as Exhibit A.

8. Plaintiff's discovery is narrowly tailored and seeks, *inter alia*, information that could shed light on Defendant's infringement of Plaintiff's intellectual property and related rights and the calculation of damages arising therefrom, including the profits generated by Defendant and its affiliates from the unlawful conduct. *See e.g.* Interrogatory Nos. 9, 11, 20, 21, 23 and 24 and Document Request Nos. 16, 18, 19 and 21.

9. On or about September 28, 2012, i.e. approximately one week after the due date, Defendant provided evasive and incomplete discovery responses to the aforementioned Discovery Requests. True and correct copies of the Defendant's initial discovery responses are attached hereto as <u>Exhibit B</u>.

10. By letter dated October 2, 2012, Plaintiff notified Defendant of its various discovery deficiencies and requested that the same be promptly cured. A true and correct copy of Plaintiff's aforementioned October 2nd letter is attached hereto as <u>Exhibit C</u>.

11. On or about October 5, 2012, Defendant provided supplemental responses to Plaintiff's discovery requests which did little to remedy many of discovery deficiencies. A true and correct copy of which is attached hereto as <u>Exhibit D</u>.

12. Specifically, Defendant's discovery responses continue to be deficient because, *inter alia*, they:

    a. Fail to include any communications between Defendant and its agent, American Web Design, except for emails on which Plaintiff was copied; and

    b. Fail to include sufficient information to calculate Plaintiff's damages in this action, including the profits generated by Defendant and its affiliates from the NASE Salespersons originated during the period of time that the infringing LFOW Software Packages were being used by Defendant; and

3

      c.      Fail to include a copy of the infringing LFOW Software Package video which is only viewable on Defendant's website with appropriate access that is not available to Plaintiff.

13. Further, Defendant incorporated general and other improper objections into virtually all of its responses, but failed to adequately explain why the Plaintiff's discovery requests did not seek information reasonably calculated to lead to the discovery of admissible evidence.

14. When asked to clarify these objections or produce a privilege log, Defendant failed to do so.

15. The undersigned counsel for the Plaintiff had numerous discussions with Defendant's counsel in an attempt to cure the continuing discovery deficiencies, but to no avail.

16. Thus, Defendant's failure to fully answer the interrogatories and produce any relevant documents was made in bad faith and solely for the purpose of derailing the discovery process and Plaintiff's preparation of its case for trial.

17. Full and complete answers to this initial set of discovery are critical in order to take depositions of Defendant's corporate designees, retain a damages expert, and otherwise prepare for the case for trial.

### III.    LEGAL ARGUMENT

18. Under Rule 26(b)(1) of the Federal Rules of Civil Procedure, parties may obtain discovery regarding any matter, not privileged, that is relevant to the claim or defense of any party.

19. Relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence. Fed. R. Civ. P. 26(b)(1).

20. Federal Rule of Evidence 401 provides that relevant evidence is "evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more or less probable than it would be without the evidence." The federal rules allow broad and liberal discovery. *Pacitti, et al. v. Macy's*, 193 F.3d 766, 777 (3d Cir. 1999); *In re Madden*, 151 F.3d 125, 128 (3d Cir. 1998) (pretrial discovery is accorded a broad and liberal treatment).

21. The aforementioned information and documents sought by Plaintiff's discovery requests goes to the heart of Plaintiff's liability and damages theories.

22. The Defendant must either respond to the discovery by producing the requested information and documents, or by simply stating that such do not exist.

23. For the reasons set forth above, Plaintiff respectfully requests that the Court grant this Motion in accordance with the proposed form of Order filed herewith.

24. Plaintiff further respectfully requests a reasonable 60 day extension of the applicable discovery and related case management deadlines in order to process the produced information and documents and conduct the previously noticed depositions of Defendant's corporate designees, which were adjourned due to the Defendant's discovery defaults.

WHEREFORE, the Plaintiff respectfully requests that this Honorable Court grant its Motion to Compel Discovery and For Sanctions in accordance with the proposed form of Order, and award such other relief as it deems just and appropriate.

Respectfully submitted,

TINOVSKY LAW FIRM

Dated: October 15, 2012               By: s/ Vladislav Tinovsky
                                      Vladislav Tinovsky, Esq.
                                      Five Neshaminy Interplex
                                      Suite 205
                                      Trevose, PA 19053
                                      P: 215.568.6860
                                      F: 215.701.4987
                                      E: vtinovsky@tinovsky.com
                                      *Co-counsel for Plaintiff*

## **CERTIFICATE OF SERVICE**

I hereby certify that on this 15th day of October, 2012, Plaintiff's Motion to Compel More Specific Discovery Responses and For Sanctions was forwarded to the below-listed counsel via the ECF system:

> Hugh J. Hutchison, Esq.
> Michael V. Tinari, Esq.
> Leonard, Sciolla, Hutchison, Leonard & Tinari, LLP
> Two Penn Center, Suite 1910
> Philadelphia, PA 19102
> *Attorneys for Defendant*
>
> Dmitry Tuchinsky, Esq.
> 1420 Walnut Street, Suite 1216
> Philadelphia, PA 19102
> *Co-Counsel for Plaintiff*

            /s/ Vladislav Tinovsky
            Vladislav Tinovsky